# EXHIBIT B

# NATIONAL REGISTERED AGENTS, INC

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: Debra Green, CORPORATE PARALEGAL
HCC SERVICE COMPANY
13403 NORTHWEST FREEWAY
HOUSTON, TX 77040-

SOP Transmittal # **523701338**

202-572-3133 - Telephone

Entity Served:  HOUSTON CASUALTY COMPANY (Domestic State: TEXAS)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of DISTRICT OF COLUMBIA on this 17 day of October, 2013. The following is a summary of the document(s) received:

1.  **Title of Action:**  Geryl Pearl, etc., et al., Pltfs. vs. Houston Casualty Company, et al., Dfts.

2.  **Document(s) Served:**  Other: Initial Order, Addendum, Summonses, Document in a Foreign Language, Complaint for Declaratory Relief and Damages

3.  **Court of Jurisdiction/Case Number:** Superior Court of the District of Columbia, DC
Case # 2013CA007004B

4.  **Amount Claimed, if any:** N/A

5.  **Method of Service:**

    _X_ Personally served by:        _X_ Process Server        ___ Deputy Sheriff        ___ U. S Marshall

    ___ Delivered Via:        ___ Certified Mail        ___ Regular Mail        ___ Facsimile

    ___ Other (Explain):

6.  **Date and Time of Receipt:** 10/17/2013 12:37:00 PM CST

7.  **Appearance/Answer Date:** Within twenty (20) days after service of this summons upon you, exclusive of the day of service - Answer Complaint // January 17, 2014 at 9:30 a.m. - Initial Conference

8.  **Received From:**   Stephen A. Weisbrod        **9. Federal Express Airbill #** 796939450131
Weisbrod Matteis & Copley PLLC
1900 M Street, NW        **10. Call Made to:** Not required
Suite 850
Washington, DC 20036
202-499-7900

11.     **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day
Image SOP
Email Notification, SHERRI GIBSON SGIBSON@HCC.COM
Email Notification, NAKIA DAVIS NADAVIS@HCC.COM
Email Notification, Debra Green DGREEN@HCC.COM
Email Notification, CHRISTY SCHWEIKHARDT CSCHWEIKHARDT@HCC.COM

**NATIONAL REGISTERED AGENTS, INC**        **CopiesTo:**

Transmitted by Mark Diffenbaugh

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

GERYL PEARL
  Vs.

HOUSTON CASUALTY COMPANY

C.A. No.    2013 CA 007004 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge LAURA A CORDERO
Date:  October 16, 2013
Initial Conference: 9:30 am, Friday, January 17, 2014
Location:  Courtroom A-50
          515 5th Street N.W.
          WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Geryl Pearl, Individually, as Trustee of the Frank H. Pearl
Irrevocable Insurance Trust, and as Personal Representative
of the Estate of Frank H. Pearl
_____
                                          Plaintiff

                    vs.                                    Case Number **13 - 0 0 0 7 0 0 4**

Houston Casualty Company
_____
                                          Defendant

## SUMMONS

To the above named Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

      You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Stephen A. Weisbrod
_____
Name of Plaintiff's Attorney

1900 M Street, NW, Suite 850
_____
Address
Washington, DC  20036
_____

202-499-7900
_____
Telephone

如需要译洋,请打电话 (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오

*Clerk of the Court*

By _____
                    Deputy Clerk

Date _____10/16/2013_____

Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

የአማርኛ ትርጉም ለማግኘት፣ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

      If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

Demandante

contra

Número de Caso: _____

Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

Por: _____

_____
Dirección

Subsecretario

_____
Teléfono

Fecha _____

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요           የማርጌ ትርጉም ለማግኘት (202) 879-4828 ደዉሱ፡ሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
● 500 Indiana Avenue, N.W., Suite 5000 ●
Washington, D.C. 20001 Telephone: (202) 879-1133

_____
Plaintiff

vs.                                                Case Number _____

_____
Defendant

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_____                    *Clerk of the Court*
Name of Plaintiff's Attorney

_____             By _____
Address                                                  Deputy Clerk

_____             Date _____
Telephone

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

GERYL PEARL, Individually, as Trustee of the Frank      )
H. Pearl Irrevocable Insurance Trust, and as Personal    )
Representative of the Estate of Frank H. Pearl,         )
2728 32nd Street, NW                                    )
Washington, DC 20008,                                   )
                                                   )   CIVIL ACTION NO. 13 - 0 0 0 7 0 0 4
and                                                     )
                                                   )
                                                   )
BRUCE PARMLEY, as Trustee of the Frank H. Pearl         )   **COMPLAINT FOR**
Irrevocable Insurance Trust and Trustee for the Perseus )   **DECLARATORY RELIEF AND**
Trust,                                                  )   **DAMAGES**
Columbia Square                                         )
555 13th Street, NW                                     )
Washington, DC 20004,                                   )
                                                   )
and                                                     )
                                                   )
                                                   )
THOMAS AIELLO, as Trustee of the Perseus Trust,         )
Columbia Square                                         )
555 13th Street, NW, 5th Floor West                     )
Washington, DC 20004,                                   )
                                                   )
        PLAINTIFFS,   )
    v.                                )
                                                   )
HOUSTON CASUALTY COMPANY                                )
13403 Northwest Freeway                                 )
Houston, TX 77040                                       )
                                                   )
    SERVE: Mark Schaefer               )
    1614 20th Street, NW               )
    Washington, DC 20009,             )
                                                   )
and                                                     )
                                                   )
TWIN CITY FIRE INSURANCE COMPANY                        )
One College Park                                        )
Indianapolis, IN                                        )
                                                   )
    SERVE: CT Corporation System      )
    1015 15th Street NW, Suite 1000   )
    Washington, DC 20005,             )

RECEIVED
Civil Clerk's Office

OCT 1 6 2013

Superior Court of the
District of Columbia
Washington, D.C.

and                                                    )
                                                       )
ARCH INSURANCE COMPANY                                 )
3100 Broadway, Suite 511                               )
Kansas City, MO 64111                                  )
                                                       )
     SERVE: CT Corporation System            )
     1015 15th Street NW, Suite 430           )
     Washington, DC 20005,                    )
and                                                    )
                                                       )
LIBERTY MUTUAL INSURANCE COMPANY                       )
175 Berkeley Street                                    )
Boston, MA 02116                                       )
                                                       )
     SERVE: Corporation Service Company       )
     1090 Vermont Avenue NW, Suite 430        )
     Washington, DC 20005                     )
                                                       )
                                                       )
                                                       )
            DEFENDANTS.                 )

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

      Plaintiffs Geryl Pearl ("Mrs. Pearl"), in her individual capacity, in her capacity as Trustee

of the Frank H. Pearl Irrevocable Insurance Trust (the "Life Insurance Trust"), and as Personal

Representative of the Estate of Frank H. Pearl (the "Estate"), Bruce E. Parmley ("Mr. Parmley"),

in his capacities as a Trustee for the Life Insurance Trust and for the Perseus Trust, and Thomas

Aiello ("Mr. Aiello"), in his capacity as a Trustee for the Perseus Trust (collectively the

"Plaintiffs"), bring suit against Houston Casualty Company ("HCC"), Twin City Fire Insurance

Company ("Twin City"), Arch Insurance Company ("Arch"), and Liberty Mutual Insurance

Company ("Liberty") (collectively, the "Insurers") and allege as follows:

## I.   **PRELIMINARY STATEMENT**

1.      Mrs. Pearl, Mr. Parmley and Mr. Aiello filed this lawsuit to obtain coverage under insurance policies issued to Perseus, LLC ("Perseus").  Perseus is a private equity firm founded by the late Frank H. Pearl ("Mr. Pearl"), a Washington, D.C. attorney, financier and philanthropist who passed away on May 4, 2012.  Mrs. Pearl, Mr. Parmley and Mr. Aiello are not officers, directors or employees of Perseus, but they have been named in lawsuits alleging that they are responsible for allegedly improper acts committed by Mr. Pearl in connection with the management and disposition of Perseus assets.  The insurance policies at issue expressly cover individuals who are not directors, officers or employees of Perseus when such individuals are sued on the theories alleged in those lawsuits.

2.      The Perseus insurance policies – liability policies covering the periods September 30, 2011 to September 30, 2012 and September 30, 2012 to September 30, 2013 (collectively, the "Policies") – require the Insurers to cover any loss incurred by an "Insured Person" or "Insured Organization" arising from a "Claim" made during the stated policy period and arising from a "Wrongful Act in the performance or failure to perform Private Equity Activities."  The Policies define "Wrongful Act" to mean "any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act by any. . . Insured Organization or Insured Person in the scope of Private Equity Activities . . . ."  "Private Equity Activities," in turn, is defined to include "the investment in, formation, capitalization or disposition of, or rendering of management, consulting, monitoring, investment, legal, financial, administrative, advisory or other services to, for or on behalf of an Insured Organization . . . ."

3.      Thus, "Wrongful Act" is defined broadly to encompass virtually all types of acts, errors, omissions or breaches of duty that a private equity firm, its subsidiaries, or its directors,

officers or controlling shareholders can be accused of committing. Because the business of private equity firms includes the creation, acquisition, management and disposition of whole companies, the definition of "Wrongful Acts" expressly includes acts, errors, omissions or breaches of duties in the investment in, formation of, management of, and disposition of Insured Organizations.

4.     In addition to covering Claims against Insured Persons and Insured Organizations, the Policies cover any Claim made "against the lawful spouse or domestic partner of an Insured Person" if the Claim arises "solely out of his or her status as the spouse or domestic partner . . . of an Insured Person."  Similarly, the Policies cover any Claim made "against the estates, heirs, legal representatives, or assigns of a deceased Insured Person [and] against any grantor, trust, irrevocable trust, revocable trust . . . maintained by or for the benefit of such Insured Person or his/her spouse . . . but only to the extent that any of the foregoing is subject to a Claim by reason of a Wrongful Act by an Insured."

5.     Before Mr. Pearl died, he created the Perseus Trust, for which Mr. Parmley and Mr. Aiello are trustees.  Upon Mr. Pearl's death, his controlling interests in Perseus and certain other Insured Organizations were transferred to the Perseus Trust.  Mr. Pearl, acting on behalf of Perseuspur, LLC ("Perseuspur"), which is an Insured Organization, also changed the beneficiary of a high value life insurance policy owned by Perseuspur from Perseus to his estate and then to the Life Insurance Trust (for which Mrs. Pearl and Mr. Parmley are trustees).  Mr. Pearl's widow, Mrs. Pearl, is the beneficiary of both trusts.

6.     Certain of Mr. Pearl's personal creditors, including TD Bank, NA ("TD Bank"), have sued or otherwise asserted claims against Mrs. Pearl, Mr. Parmley and Mr. Aiello, contending that the transfers by Mr. Pearl were fraudulent or otherwise improper (the

"Fraudulent Transfer Claims"). Ignoring the clear and unambiguous language of the Policies, HCC has denied coverage for the Fraudulent Transfer Claims. (Twin City, Arch, and Liberty issued follow-form excess Policies and have not yet provided coverage positions.)

7.    HCC does not deny that Mrs. Pearl, Mr. Parmley and Mr. Aiello are entitled to coverage to the extent that they have been sued for Mr. Pearl's "Wrongful Acts." HCC contends, however, that because the Fraudulent Transfer Claims involve certain assets controlled by Mr. Pearl personally, and because the Fraudulent Transfer Claims were initiated by Mr. Pearl's personal creditors, all of Mr. Pearl's alleged misconduct was committed in his "personal capacity" and none of his alleged misconduct meets the definition of "Wrongful Act."

8.    HCC's coverage denial has no basis in the language of the Policies. Mr. Pearl was a founder, chief executive and managing officer of Perseus and the other relevant Insured Organizations, and he was a selling shareholder of Perseus and the other relevant Insured Organizations. As such, he plainly was an "Insured Person." "Insured Persons" include any "natural person who was, is or shall become a duly appointed or elected director, officer, general partner, partner, founding partner, manager, managing director, managing principal, chairman of the board, [or] chief executive officer" of an Insured Organization. A "selling shareholder" or principal shareholder" of an Insured Organization is also an Insured Person.

9.    Moreover, a major allegation in the Fraudulent Transfer Claims is that Mr. Pearl improperly disposed of Perseus and other Insured Organizations. Such actions by a corporate officer or selling shareholder plainly meet the definitions of "Private Equity Activities" and "Wrongful Acts." The Fraudulent Transfer Claims also allege that Mr. Pearl improperly removed Perseus as the beneficiary of a life insurance policy and instead designated first his estate and then later the Life Insurance Trust as beneficiary. Essentially, that claim alleges that

Mr. Pearl, acting on behalf of Perseuspur, mismanaged a valuable asset of Perseus – the right to receive millions of dollars in life insurance proceeds. Such actions by a corporate manager also plainly meet the definition of "Private Equity Activities."

10.     HCC attempts to justify its coverage denial by noting that the Fraudulent Transfer Claims primarily concern assets owned or controlled by Mr. Pearl personally, but the Policies contain no exclusion for loss due to acts committed in a "personal capacity." The only relevant question for coverage purposes is whether the Fraudulent Transfer Claims fall within the Policies' grants of coverage, and they clearly do, because they arise from the alleged misconduct of a person who falls within the Policies' definition of "Insured Person," and they arise from acts that fall within the Policies' definition of "Private Equity Activities." (The other Insurers may adopt HCC's position but have not done so at this time.)

11.     HCC and the other Insurers have no right to graft an unwritten exclusion onto perfectly clear policy terms that were duly agreed upon. Accordingly, Mrs. Pearl, Mr. Parmley and Mr. Aiello are entitled to declarations of their rights to coverage and damages for breach of contract.

## II.     **PARTIES**

12.     Plaintiff Geryl Pearl is a resident of the District of Columbia, the surviving spouse of Mr. Pearl, and the Personal Representative of Mr. Pearl's probate estate. Mrs. Pearl is also the beneficiary and trustee of the Frank Hilton Pearl Management Trust, the residuary trust created by the Last Will and Testament of her late husband. In addition, she is the beneficiary of the Perseus Trust, a revocable trust created in 2011. She is also co-trustee (with Mr. Parmley) and the beneficiary of the Life Insurance Trust.

13.    Plaintiff Bruce Parmley is co-trustee (with Geryl Pearl) of the Life Insurance Trust.  Mr. Parmley is also co-trustee (with Thomas Aiello) of the Perseus Trust.

14.    Plaintiff Thomas Aiello is co-trustee (with Bruce Parmley) of the Perseus Trust.

15.    Defendant Houston Casualty Company is incorporated under the laws of Delaware, with its principal place of business in Texas.

16.    Defendant Arch Insurance Company in incorporated under the laws of Missouri, with its principal place of business in Missouri.

17.    Defendant Liberty Mutual Insurance Company is incorporated under the laws of Massachusetts, with its principal place of business in Massachusetts.

18.    Defendant Twin City Fire Insurance Company is incorporated under the laws of Indiana, with its principal place of business in Indiana.

### III.       JURISDICTION AND VENUE

19.    This Court has jurisdiction over this civil action pursuant to D.C. Code § 11-921(a)(6).

20.    This Court has personal jurisdiction over each of the Defendants pursuant to D.C. Code § 13-423 because each conducts and transacts business in the District of Columbia.  Such business includes the selling and administration of insurance policies in the District of Columbia, including the insurance policies at issue in this action.

21.    Venue is proper in the District of Columbia because a significant part of the events giving rise to this action occurred within the District of Columbia.

## IV. STATEMENT OF FACTS

*Mr. Pearl, Mrs. Pearl, Perseus, and the Trusts*

22. Mr. Pearl was the founder and majority owner of Perseus. He also owned, directly or indirectly, interests in several Perseus-related entities. Perseus and its affiliates bought and sold a variety of companies in a variety of industries, ranging from energy to life sciences to commercial software to consumer products.

23. Mr. and Mrs. Pearl were married in 1969 and remained married until Mr. Pearl's death from lung cancer on May 4, 2012.

24. As of the date of Mr. Pearl's death, the interests in Perseus, LLC – which was the operating company and hub of Mr. Pearl's Perseus-related business interests –were owned by Perseus Holdco, LLC, a holding company ("Perseus Holdco"). Perseus Holdco, in turn, was owned by Perseuspur. During his lifetime, Mr. Pearl owned a 72.9% ownership interest in Perseuspur, while the other 27.1% ownership interest in the company was held by Rappahannock Investment Company ("Rappahannock"). Mr. Pearl owned 100% of Rappahannock.

25. Upon Mr. Pearl's death, his interests in Perseuspur and Rappahannock were transferred to the Perseus Trust. Mr. Parmley and Mr. Aiello began to serve as the trustees of the Perseus Trust upon the death of Mr. Pearl, and they continue to serve in that capacity. During her lifetime, Mrs. Pearl is the sole beneficiary of the Perseus Trust.

26. The Life Insurance Trust is an irrevocable life insurance trust established to hold the proceeds of certain life insurance policies taken out on the life of Mr. Pearl. Mr. Parmley and Mrs. Pearl were appointed as trustees for the Life Insurance Trust in 2007, and they continue to serve in that capacity. Mrs. Pearl is the sole beneficiary of the Life Insurance Trust.

8

27.     On July 18, 2002, Perseus purchased a life insurance policy on the life of Mr.

Pearl from Transamerica Occidental Life Insurance Company ("Transamerica"). Transamerica

occasionally did business under the names Transamerica Insurance and Investment Group,

Transamerica Life Insurance Company, and Transamerica Financial Life Insurance Company.

The face value of the policy was $16.5 million, and the owner and beneficiary of the policy was

Perseus.

28.     On November 10, 2004, this policy was split into two policies effective October

26, 2004, a $4 million policy and a $12.5 million policy. The $12.5 million policy had a Policy

No. 4208277, was owned by Perseuspur, and its beneficiary was Perseus (the "Transamerica

Policy").   In early 2012, at the direction of Mr. Pearl, the beneficiary of the Transamerica Policy

was changed first to his Estate and then later to the Life Insurance Trust.

*The Private Equity and Professional Management Liability Insurance Policies*

29.     HCC issued two policies, each called a "Private Equity and Professional

Management Liability Insurance Policy," to Perseus (the "HCC Policies").  The first of the HCC

Policies, policy number H711-62337, has a policy period of September 30, 2011 to September

30, 2012, and a $10 million aggregate limit of liability.  The second, policy number H712-62937,

has a policy period of September 30, 2012 to September 30, 2013, and a $10 million aggregate

limit of liability.

30.     The HCC Policies are "claims made" policies, meaning that the insurance

company's obligations are triggered if a covered "Claim" is made during the policy period.  Both

Policies state:

> The Insurer shall pay on behalf of each **Insured Loss** arising from
> a **Claim** first made during the **Policy Period** arising from a
> **Wrongful Act** in the performance or failure to perform **Private
> Equity Activities.**

31.     The HCC Policies define "Loss" to include both liability and defense costs:

> **Loss** means damages, judgments (including pre- and post-
> judgment interest), settlements and **Defense Costs** incurred by any
> of the **Insureds**, including punitive, exemplary or multiplied
> damages and including but not limited to damages, judgments or
> amounts paid in settlement and **Defense Costs** in any **Claim**
> brought under Sections 10 and 20 of the Securities Exchange Act
> of 1934, as amended . . .

32.     Both HCC Policies contain the same definition for a "Claim," which means, in

relevant part:

> (1) any written demand for monetary, non-monetary or injunctive relief against an
> **Insured** commenced by the **Insured's** receipt of such demand;
> (2) any civil, judicial, administrative, regulatory, enforcement or arbitration
> proceeding commenced by the filing and service of a civil or administrative
> complaint, [or] a request for an injunction . . .

33.     Both HCC Policies define "Insured" to include any "Insured Organization" and

any "Insured Person."

34.     Both HCC Policies also state that Perseus and various Perseus-related entities are

"Insured Organizations." Both HCC Policies name Perseus, Perseuspur and Rappahannock as an

Insured Organization.

35.     Both policies define Insured Organization to include the direct or indirect

subsidiary of any entity named as an Insured Organization. Perseus Holdco is an Insured

Organization under the first policy as it was a direct subsidiary of Perseuspur during the policy

period, and is an Insured Organization under the second policy as it is named as an Insured

Organization by that policy.

36.     Both HCC Policies define "Insured Person," in relevant part, as any:

> natural person who was, is, or shall become a duly appointed
> director, officer, general partner, partner, founding partner,
> manager, managing director, managing principal, chairman of the
> board, chief executive officer, president, chief operating officer . . .
> or any equivalent executive of an **Insured Organization** . . .

37.     Both HCC Policies define a "Wrongful Act," in relevant part, as:

>       any actual or alleged breach of duty, neglect, error, misstatement,
>       misleading statement, omission or act by any:
>
>       **(1) Insured Organization** or **Insured Person** in the scope of
>           **Private Equity Activities** . . .

38.     "Private Equity Activities" are defined by the HCC Policies to include:

>       (2) the investment in, formation, capitalization or disposition of, or
>       rendering of management, consulting, monitoring, investment,
>       legal, financial, administrative, advisory or other services to for or
>       on behalf of an **Insured Organization** . . . .

39.     Both HCC Policies define "Loss" to include "damages, judgments (including pre-

and post-judgment interest), settlements and Defense Costs."

40.     Mrs. Pearl is covered under the HCC Policies pursuant to a Spousal and Domestic

Partner Extension that provides:

>       Subject otherwise to the terms hereof, this Policy shall cover **Loss**
>       arising from a **Claim** first made during the **Policy Period** against
>       the lawful spouse or domestic partner . . . of an **Insured Person** for
>       a **Claim** arising solely out of his or her status as the spouse or
>       domestic partner of an **Insured Person,** including a **Claim** that
>       seeks damages recoverable from marital community property,
>       property jointly held or transferred from the **Insured Person** to the
>       spouse or domestic partner, or other property held in a spouse or
>       domestic partner's name.

41.     Mrs. Pearl, Mr. Parmley and Mr. Aiello are insured under the HCC Policies

pursuant to an Estate and Representatives Extension that provides in relevant part:

>       Subject otherwise to the terms hereof, this Policy shall cover **Loss**
>       arising from a **Claim** first made during the **Policy Period** against
>       the estates, heirs, legal representatives, or assigns of a deceased
>       **Insured Person** . . . [and] against any grantor trust, irrevocable
>       trust, revocable trust . . . maintained by or for the benefit of such
>       **Insured Person** or his/her spouse . . . but only to the extent that
>       any of the foregoing is subject to a **Claim** by reason of a
>       **Wrongful Act** by an **Insured.**

11

42.     The excess policies issued by Twin City, Arch and Liberty generally "follow form" to the HCC Policies, subject to stated exhaustion requirements, policy limits, and certain other exceptions that are not material to this action.

*The Fraudulent Transfer Claims*

43.     On or about August 8, 2012, TD Bank filed a 16 count complaint against Mrs. Pearl in U.S. District Court for the District of Columbia asserting claims under the District of Columbia Uniform Fraudulent Transfer Act of 1995 (the "DC-UFTA"), D.C. Code §§ 28-3101 - 28-3111. The complaint was captioned *TD Bank, N.A. v. Geryl Pearl*, C.A. No. 1:12-cv001315. TD Bank alleged that Mr. Pearl personally guaranteed lines of credit extended by TD Bank to Perseus in 2010 and to Perseus Holdco in 2012, and then deliberately impeded TD Bank's ability to collect on the guarantees by fraudulently transferring certain assets to the Perseus Trust and Mrs. Pearl before his death.

44.     On or about October 5, 2012, Mrs. Pearl (through her defense counsel) moved for summary dismissal of TD Bank's lawsuit. On or about November 21, 2012, prior to the District Court's ruling on Mrs. Pearl's motion, TD Bank voluntarily dismissed its District Court lawsuit.

45.     On or about November 14, 2012, TD Bank filed a new lawsuit in the Superior Court of the District Columbia. That lawsuit is captioned *T.D. Bank, N.A. v. Bruce Parmley, et al.*, Case No. 2012-CA-008676-B and is currently pending. The second amended complaint in that lawsuit contains 34 counts and names numerous defendants, including Mr. Parmley (as trustee of the Perseus Trust and trustee of the Life Insurance Trust), Mr. Aiello (as trustee of the Perseus Trust), and Mrs. Pearl (in her personal capacity and as trustee of the Life Insurance Trust).

46.     TD Bank alleges that Mr. Pearl personally guaranteed lines of credit extended by TD Bank to Perseus in 2010 and to Perseus Holdco in 2012, and then impeded TD Bank's ability to collect on the guarantees by fraudulently transferring certain assets to the Perseus Trust, the Life Insurance Trust and Mrs. Pearl. TD Bank alleges that Mr. Pearl improperly disposed of Perseus and other Insured Organizations. TD Bank further alleges that Mr. Pearl improperly removed Perseus as the beneficiary of the Transamerica Policy and instead designated his estate and then the Life Insurance Trust as beneficiary.

47.     TD Bank seeks to recover from Mrs. Pearl in her individual capacity the value of allegedly fraudulent transfers she directly or beneficially received from her husband, including interests in Perseus and other Insured Organizations transferred to the Perseus Trust. TD Bank asserts claims against Mr. Aiello and Mr. Parmley as Trustees of the Perseus Trust and alleges, among other things, that the transfer of assets to the Perseus Trust was for the improper purpose of benefitting Mrs. Pearl. TD Bank also asserts claims against Mrs. Pearl and Mr. Parmley, as Trustees of the Life Insurance Trust, and alleges that Mr. Pearl improperly transferred the right to the proceeds of the Transamerica Policy first from Perseus to his estate, and then later from his estate to the Life Insurance Trust.

48.     On September 20, 2013, Eagle Bank moved for permission to file a complaint in intervention in the lawsuit filed in D.C. Superior Court by TD Bank. Eagle Bank's proposed complaint names as defendants, among others, Mrs. Pearl individually and Mrs. Pearl and Mr. Parmley as co-trustees of the Life Insurance Trust. Eagle Bank's claims against Mrs. Pearl and Mr. Parmley are similar to TD Bank's claims and also arise from the allegedly fraudulent activity engaged in by Mr. Pearl in transferring assets to Mrs. Pearl and the Life Insurance Trust.

49.     Mrs. Pearl also has been subject to Fraudulent Transfer Claims in her capacity as Personal Representative of the Estate.

50.     Mrs. Pearl, Mr. Parmley and Mr. Aiello timely notified the Insurers of the litigations described above.  HCC denied coverage, asserting that the Fraudulent Transfer Claims did not arise from Private Equity Activities.  Twin City, Arch and Liberty have not provided their coverage positions to date.

51.     Mrs. Pearl, Mr. Parmley and Mr. Aiello have incurred substantial unreimbursed defense costs in connection with the Fraudulent Transfer Claims.  Under the Policies, such defense costs constitute covered "Loss" that the Insurers are obligated to pay.

V.        **CAUSES OF ACTION**

**COUNT I**
**Declaratory Judgment**
**(Against All Defendants)**

52.     Plaintiffs incorporate by reference the preceding paragraphs as if set forth fully herein.

53.     Each of the Policies is a valid and enforceable contract.

54.     Perseus paid substantial premiums for each of the Policies.

55.     Mrs. Pearl is covered under the Policies by virtue of the Spousal and Domestic Partner Extension and the Estate and Representatives Extension.

56.     Mr. Parmley and Mr. Aiello are covered under the Policies by virtue of the Estate and Representatives Extension.

57.     Mrs. Pearl, Mr. Parmley and Mr. Aiello have been sued based on alleged improper acts by Frank Pearl.

58.    Mr. Pearl would have been entitled to coverage under the Policies for the

Fraudulent Transfer Claims if he had been named as a defendant.  One or more of the alleged

acts by Mr. Pearl constitutes a "Wrongful Act" because it is an "actual or alleged breach of duty,

neglect, error, misstatement, misleading statement, omission or act by . . . [an] Insured Person in

the scope of Private Equity Activities."

59.    Mrs. Pearl, Mr. Parmley and Mr. Aiello have satisfied all terms and conditions

under the Policies.

60.    Mrs. Pearl, Mr. Parmley and Mr. Aiello are entitled to a declaration that they are

covered under the Policies for the Fraudulent Transfer Claims asserted against them and that,

subject to applicable Policy limits and attachment points, the Insurers are required to pay defense

costs as well as any judgments or settlements in connection with such claims, as such amounts

constitute (or would constitute) covered "Loss."

61.    Mrs. Pearl, Mr. Parmley and Mr. Aiello are entitled to a declaration as to the

proper allocation of covered "Loss" between the Policies issued for the 2011-2012 period and the

Policies issued for the 2012-2013 period.

62.    The issuance of the requested declaratory relief by this Court will terminate some

or all of the existing controversies among the parties.

## COUNT II
### Breach of Contract
### (Against All Defendants)

63.    Plaintiffs incorporate by reference the preceding paragraphs as if set forth fully

herein.

64.    Each of the Policies is a valid and enforceable contract.

65.    Perseus paid substantial premiums for each of the Policies.

15

66.    Mrs. Pearl is covered under the Policies by virtue of the Spousal and Domestic Partner Extension and the Estate and Representatives Extension.

67.    Mr. Parmley and Mr. Aiello are covered under the Policies by virtue of the Estate and Representatives Extension.

68.    Mrs. Pearl, Mr. Parmley and Mr. Aiello have been sued based on alleged improper acts by Frank Pearl.

69.    Mr. Pearl would have been entitled to coverage under the Policies for the Fraudulent Transfer Claims if he had been named as a defendant.  One or more of the alleged acts by Mr. Pearl constitutes a "Wrongful Act" because it is an "actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act by . . . [an] Insured Person in the scope of Private Equity Activities."

70.    Mrs. Pearl, Mr. Parmley and Mr. Aiello have satisfied all terms and conditions under the Policies.

71.    HCC has breached the HCC Policies by denying coverage for past and future defense costs incurred by Mrs. Pearl, Mr. Parmley and Mr. Aiello in connection with the Fraudulent Transfer Claims, and by denying coverage for any future settlements or judgments in connection with such claims.  Mrs. Pearl, Mr. Parmley and Mr. Aiello are therefore entitled to an award of damages from HCC.

72.    To the extent that Twin City, Arch and/or Liberty in the future refuse to pay "Loss" incurred in connection with the Fraudulent Transfer Claims in breach of their Policies, Mrs. Pearl, Mr. Parmley and Mr. Aiello also will be entitled to an award of damages from those Insurers.

16

## VI.        **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that the Court enter a judgment:

a.        declaring that Mrs. Pearl, Mr. Parmley and Mr. Aiello have satisfied the terms and conditions of the Policies;

b.        declaring that Mrs. Pearl, Mr. Parmley and Mr. Aiello are entitled to coverage under the Policies for "Loss" arising from the Fraudulent Transfer Claims, including coverage for past and future defense costs and any future settlements or judgments incurred in connection with such claims;

c.        declaring the proper allocation of Plaintiffs' "Loss" between the 2011-2012 policies and the 2012-2013 Policies;

d.        awarding Mrs. Pearl, Mr. Parmley and Mr. Aiello damages for any amounts that any Insurers improperly have failed to pay or in the future may fail to pay under their respective Policies with respect to Fraudulent Transfer Claims; and

e.        awarding such other relief as this Court deems just and proper.


Dated: October 15, 2013                    Respectfully submitted,


                                          *Stephen A. Weisbrod / C.O.*
                                          Stephen A. Weisbrod (D.C. Bar No. 439152)
                                          Christopher M. O'Connell (D.C. Bar No. 495495)
                                          **WEISBROD MATTEIS & COPLEY PLLC**
                                          1900 M Street, NW, Suite 850
                                          Washington, DC 20036
                                          Email:  sweisbrod@wmclaw.com
                                                        coconnell@wmclaw.com
                                          Telephone:  (202) 499-7900
                                          Facsimile:    (202) 478-1795

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **GERYL PEARL, Individually, as Trustee of The Frank H. Pearl Irrevocable Insurance Trust, and as Personal Representative of the Estate of Frank H. Pearl,** | ) ) ) ) ) | |
| **BRUCE PARMLEY, as Trustee of the Frank H. Pearl Irrevocable Insurance Trust and Trustee for the Perseus Trust, and** | ) ) ) ) | |
| **THOMAS AIELLO, as Trustee of the Perseus Trust,** | ) ) ) ) | |
| *Plaintiffs,* | ) ) ) | |
| v. | ) ) | **Civil Action No. 2013 CA 007004 B** |
| **HOUSTON CASUALTY COMPANY,** | ) ) | **Judge Laura A. Cordero** |
| **TWIN CITY FIRE INSURANCE COMPANY,** | ) ) | **Calendar 8** |
| **ARCH INSURANCE COMPANY, and** | ) ) | **Next Event:  Initial Conference** |
| **LIBERTY MUTUAL INSURANCE COMPANY,** | ) ) ) | **Next Event Date: January 17, 2014, 9:30 a.m.** |
| *Defendants.* | ) ) ) | |

**DEFENDANT HOUSTON CASUALTY COMPANY'S**
**RULE 7.1 DISCLOSURE STATEMENT**

Pursuant to Rule 7.1 of the D.C. Superior Court Rules of Civil Procedure, Defendant Houston Casualty Company states that:

Houston Casualty Company is a wholly-owned subsidiary of Illium, Inc.  Illium, Inc. is a wholly-owned subsidiary of HCC Insurance Holdings, Inc., a publicly held company.

Dated: November 1, 2013                      Respectfully submitted,

                                            /s/ Michael Kopp                   

Joseph A. Bailey III (D.C. Bar No. 477982)
Michael J. Kopp (D.C. Bar No. 997804)
DRINKER BIDDLE & REATH LLP
1500 K Street, NW
Suite 1100
Washington, DC 20005
Telephone:  (202) 842-8800
Facsimile:  (202) 842-8465
E-mail: joseph.bailey@dbr.com
           michael.kopp@dbr.com

*Counsel for Defendant Houston Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2013, I caused a true and correct copy of the foregoing Defendant Houston Casualty Company's Rule 7.1 Disclosure Statement to be filed electronically via the Court's electronic vendor, CasefileXpress, which provides copies to counsel of record and constitutes service under the rules.  I also certify that true and correct copies of the foregoing Disclosure Statement were mailed via first-class mail, postage prepaid, on this 1st day of November, 2013, to:

Scott A. Schechter
Joshua A. DiLena
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, NY 10595

Michelle J. Marzullo
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
600 Baltimore Avenue, Suite 305
Towson, Maryland  21204

_____/s/_____Michael Kopp_____
Michael J. Kopp (D.C. Bar No. 997804)

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **GERYL PEARL, Individually, as Trustee of The Frank H. Pearl Irrevocable Insurance Trust, and as Personal Representative of the Estate of Frank H. Pearl,** | ) ) ) ) ) | |
| **BRUCE PARMLEY, as Trustee of the Frank H. Pearl Irrevocable Insurance Trust and Trustee for the Perseus Trust, and** | ) ) ) ) | |
| **THOMAS AIELLO, as Trustee of the Perseus Trust,** | ) ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | **Civil Action No. 2013 CA 007004 B** |
| **HOUSTON CASUALTY COMPANY,** | ) ) | **Judge Laura A. Cordero** **Calendar 8** |
| **TWIN CITY FIRE INSURANCE COMPANY,** | ) ) ) | **Next Event:  Initial Conference** |
| **ARCH INSURANCE COMPANY, and** | ) ) | **Next Event Date:** |
| **LIBERTY MUTUAL INSURANCE COMPANY,** | ) ) ) | **January 17, 2014, 9:30 a.m.** |
| *Defendants.* | ) ) | |

**PRAECIPE FOR EXTENSION OF TIME**
**TO FILE ANSWER OR OTHERWISE RESPOND**

COME NOW Defendants Houston Casualty Company, Twin City Fire Insurance Company, Arch Insurance Company, and Liberty Mutual Insurance Company, together with Plaintiffs Geryl Pearl, Bruce Parmley, and Thomas Aiello, and hereby stipulate and agree pursuant to Superior Court Rule 55(a)(2) that the time for Defendants to plead or otherwise respond to Plaintiffs' Complaint shall be extended by a period of fourteen (14) days.

Respectfully submitted,

/s/ Stephen A. Weisbrod

Stephen A. Weisbrod (D.C. Bar No. 439152)
Christopher M. O'Connell (D.C. Bar No. 495495)
WEISBROD MATTEIS & COPLEY PLLC
1900 M Street, NW
Suite 850
Washington, DC 20036
Telephone:  (202) 499-7909
Facsimile:  (202) 478-1795
E-mail: sweisbrod@wmclaw.com
        coconnell@wmclaw.com

*Counsel for Plaintiffs Geryl Pearl, Bruce Parmley, and Thomas Aiello*


/s/ Joseph A. Bailey III

Joseph A. Bailey III (D.C. Bar No. 477982)
Michael J. Kopp (D.C. Bar No. 997804)
DRINKER BIDDLE & REATH LLP
1500 K Street, NW
Suite 1100
Washington, DC 20005
Telephone:  (202) 842-8800
Facsimile:  (202) 842-8465
E-mail: joseph.bailey@dbr.com
        michael.kopp@dbr.com

*Counsel for Defendant Houston Casualty Company*


/s/ Michelle J. Marzullo

Michelle J. Marzullo (D.C. Bar No. 998739)
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
600 Baltimore Avenue, Suite 305
Towson, Maryland  21204
Telephone:  (410) 339-6880
E-mail: mmarzullo@moodklaw.com

*Local Counsel for Defendant Twin City Fire Insurance Company*

Scott A. Schechter (*pro hac vice* application forthcoming)
Joshua A. DiLena (*pro hac vice* application forthcoming)
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, NY 10595
Telephone:  (914) 449-1000
Facsimile:  (914) 449-1100
E-mail: sschechter@kbrlaw.com
        jdilena@kbrlaw.com

*Counsel for Defendant Twin City Fire Insurance Company*


/s/ Daniel J. Standish

Daniel J. Standish (D.C. Bar. No. 414194)
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Telephone:  (202) 719-7000
Facsimile:  (202) 974-1407
E-mail: dstandish@wileyrein.com

*Counsel for Defendant Arch Insurance Company*


/s/ Deirdre G. Johnson

Deirdre G. Johnson (D.C. Bar No. 448492)
Joseph L. Meadows (D.C. Bar No. 467441)
Olivia L. Lynch (D.C. Bar No. 1011623)
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004-2595
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116
E-mail: djohnson@crowell.com
        jmeadows@crowell.com
        olynch@crowell.com

*Counsel for Defendant Liberty Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2013, I caused a true and correct copy of the foregoing Praecipe for Extension of Time to File Answer or Otherwise Respond ("Praecipe") to be filed electronically via the Court's electronic vendor, CasefileXpress, which provides copies to counsel of record and constitutes service under the rules.  I also certify that true and correct copies of the foregoing Praecipe were mailed via first-class mail, postage prepaid, on this 1st day of November, 2013, to:

        Scott A. Schechter
        Joshua A. DiLena
        KAUFMAN BORGEEST & RYAN LLP
        200 Summit Lake Drive
        Valhalla, NY 10595

        Michelle J. Marzullo
        Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
        600 Baltimore Avenue, Suite 305
        Towson, Maryland  21204


                        /s/     Michael Kopp
                Michael J. Kopp (D.C. Bar No. 997804)

Filed
D.C. Superior Court
11/04/2013 11:46AM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

|  |  |
|---|---|
| GERYL PEARL, et al., | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| v. | ) C.A. No. 2013 CA 007004 B |
| | ) |
| HOUSTON CASUALTY COMPANY, et al., | ) Judge Laura A. Cordero |
| | ) Calendar 8 |
| DEFENDANTS. | ) Initial Conference: January 17, 2014 |
| | ) 9:30 am |

### DEFENDANT ARCH INSURANCE COMPANY'S
### RULE 7.1 DISCLOSURE STATEMENT

Pursuant to Rule 7.1(a) of the D.C. Superior Court Rules of Civil Procedure, defendant ARCH INSURANCE COMPANY states that it is a wholly owned subsidiary of ARCH INSURANCE GROUP INC., whose ultimate parent is ARCH CAPITAL GROUP LTD., a publicly traded company.  No publicly traded company owns more than 10% of ARCH CAPITAL GROUP LTD.'s stock.

Respectfully submitted,

Dated: November 4, 2013

/s/ Daniel J. Standish
Daniel J. Standish
DC Bar. No. 414194
Wiley Rein LLP
1776 K Street, N.W.
Washington, DC  20006
Phone: 202-719-7130
Fax: 202-974-1407
Email: dstandish@wileyrein.com

CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2013, I caused a true and correct copy of the

foregoing Defendant Arch Insurance Company's Rule 7.1 Disclosure Statement to be filed

electronically via the Court's electronic vendor, CasefileXpress, which provides copies to

counsel of record and constitutes service under the rules. I also certify that true and correct

copies of the foregoing Disclosure Statement were mailed via first-class mail, postage prepaid,

on this 4th day of November, 2013, to:

Scott A. Schechter
Joshua A. DiLena
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, NY 10595

Michelle J. Marzullo
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
600 Baltimore Avenue, Suite 305
Towson, Maryland 21204

/s/Daniel J. Standish
Daniel J. Standish

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

GERYL PEARL, Individually, as Trustee of the
Frank H. Pearl Irrevocable Insuracne Trust, and as
Personal Representative of the Estate of Rank H.
Pearl, et al.,

                                    Plaintiffs,

        v.

HOUSTON CASUALTY COMPANY, et al.,

                                    Defendants.

C.A. No. 2013 CA 007004 B

Judge Laura A. Cordero
Calendar 8

Initial Conference:  January 17, 2014
9:30 a.m.

## PRAECIPE

The Clerk will please file the enclosed Rule 7.1 Disclosure Statement of Defendant TWIN

CITY FIRE INSURANCE COMPANY in the captioned matter.

Dated:  November 5, 2013

                                   /s/ Michelle J. Marzullo
                                   Michelle J. Marzullo (D.C. Bar No. 998739)
                                   Marks, O'Neill, O'Brien, Doherty & Kelley
                                   P.C.
                                   600 Baltimore Avenue, Suite 305
                                   Towson, Maryland 21204
                                   Tel: (410) 339-6880
                                   Email: *mmarzullo@moodklaw.com*

                                   *Local Counsel for Defendant Twin City Fire*
                                   *Insurance Company*

                                   Scott A. Schechter (*pro hac vice* application

forthcoming)
Joshua A. DiLena (*pro hac vice* application
forthcoming)
Kaufman Borgeest & Ryan LLP
200 Summit Lake Drive
Valhalla, New York 10595
Tel: (914) 449-1000
Fax: (914) 449-1100
Email: *sschechter@kbrlaw.com*
        *jdilena@kbrlaw.com*

*Counsel for Defendant Twin City Fire
Insurance Company*

## Certificate of Service

I hereby certify that this Praecipe, with attachment, was filed through the Superior Court's CaseFile Express system, which will send notice to all counsel of record and constitutes service under the rules.

/s/ Michelle J. Marzullo
Michelle J. Marzullo (D.C. Bar No. 998739

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |
|---|---|
| GERYL PEARL, Individually, as Trustee of the Frank H. Pearl Irrevocable Insuracne Trust, and as Personal Representative of the Estate of Rank H. Pearl, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HOUSTON CASUALTY COMPANY, et al., <br><br> Defendants. | C.A. No. 2013 CA 007004 B <br><br> Judge Laura A. Cordero <br> Calendar 8 <br><br> Initial Conference:  January 17, 2014 <br> 9:30 a.m. |

**TWIN CITY FIRE INSURANCE COMPANY'S**
**RULE 7.1 DISCLOSURE STATEMENT**

Pursuant to Superior Court Rule 7.1(a), and to enable judges and magistrate judges to evaluate possible disqualification or recusal, the undersigned counsel for Defendant TWIN CITY FIRE INSURANCE COMPANY ("Twin City") certifies as follows:

Twin City is an Indiana corporation which is a wholly-owned subsidiary of Hartford Fire Insurance Company.  Hartford Fire Insurance Company is a Connecticut corporation which is a wholly-owned subsidiary of the Hartford Financial Services Group, Inc.  Hartford Financial Services Group, Inc. is a Delaware corporation which is a publicly traded corporation whose stock is listed and principally trade on the New York Stock Exchange under the trading symbol "HIG," and no publicly held company owns 10% or more of Hartford Financial Services Group, Inc.'s common stock.

Dated:  November 5, 2013

/s/ Michelle J. Marzullo
Michelle J. Marzullo (D.C. Bar No. 998739)
Marks, O'Neill, O'Brien, Doherty & Kelley
P.C.
600 Baltimore Avenue, Suite 305
Towson, Maryland 21204
Tel: (410) 339-6880
Email: *mmarzullo@moodklaw.com*

***Local Counsel for Defendant Twin City Fire
Insurance Company***

Scott A. Schechter (*pro hac vice* application
forthcoming)
Joshua A. DiLena (*pro hac vice* application
forthcoming)
Kaufman Borgeest & Ryan LLP
200 Summit Lake Drive
Valhalla, New York 10595
Tel: (914) 449-1000
Fax: (914) 449-1100
Email: *sschechter@kbrlaw.com*
        *jdilena@kbrlaw.com*

*Counsel for Defendant Twin City Fire
Insurance Company*

## Certificate of Service

I hereby certify that foregoing Disclosure Statement was filed through the Superior Court's CaseFile Express system, which will send notice to all counsel of record and constitutes service under the rules.

/s/ Michelle J. Marzullo
Michelle J. Marzullo (D.C. Bar No. 998739)

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |  |
|---|---|---|
| GERYL PEARL, Individually, as Trustee of The Frank H. Pearl Irrevocable Insurance Trust, and as Personal Representative of the Estate of Frank H. Pearl, | ) ) ) ) ) | |
| BRUCE PARMLEY, as Trustee of the Frank H. Pearl Irrevocable Insurance Trust and Trustee for the Perseus Trust, and | ) ) ) ) | |
| THOMAS AIELLO, as Trustee of the Perseus Trust, | ) ) ) | |
| *Plaintiffs,* | ) ) ) | |
| v. | ) ) | Civil Action No. 2013 CA 007004 B |
| HOUSTON CASUALTY COMPANY, | ) ) | Judge Laura A. Cordero Calendar 8 |
| TWIN CITY FIRE INSURANCE COMPANY, | ) ) | Next Event: Initial Conference |
| ARCH INSURANCE COMPANY, and | ) ) | Next Event Date: January 17, 2014, 9:30 a.m. |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| *Defendants.* | ) ) | |

**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S**
**RULE 7.1 DISCLOSURE STATEMENT**

Pursuant to Rule 7.1 of the D.C. Superior Court Rules of Civil Procedure, Defendant Liberty Mutual Insurance Company ("LMIC") states that:

Liberty Mutual Group Inc. owns 100% of the stock of LMIC. Liberty Mutual Group Inc. is not publicly traded.

Dated:  November 6, 2013

Respectfully submitted,

/s/ Joseph L. Meadows
Deirdre G. Johnson (D.C. Bar No. 448492)
Joseph L. Meadows (D.C. Bar No. 467441)
Olivia L. Lynch (D.C. Bar No. 1011623)
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
E-mail: djohnson@crowell.com
        jmeadows@crowell.com
        olynch@crowell.com

*Counsel for Defendant Liberty Mutual
Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2013, I caused a true and correct copy of the foregoing Defendant Liberty Mutual Insurance Company's Rule 7.1 Disclosure Statement to be filed electronically via the Court's electronic vendor, CasefileXpress, which provides copies to counsel of record and constitutes service under the rules.  I also certify that true and correct copies of the foregoing Disclosure Statement were mailed via first-class mail, postage prepaid, on this 6th day of November, 2013, to:

Scott A. Schechter
Joshua A. DiLena
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, NY 10595

Michelle J. Marzullo
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
600 Baltimore Avenue, Suite 305
Towson, Maryland 21204

/s/     Joseph L. Meadows
Joseph L. Meadows (D.C. Bar No. 467441)

Filed
D.C. Superior Court
11/07/2013 09:06AM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

GERYL PEARL, Individually, as Trustee of the
Frank H. Pearl Irrevocable Insuracne Trust, and as
Personal Representative of the Estate of Rank H.
Pearl, et al.,

                    Plaintiffs,

    v.

HOUSTON CASUALTY COMPANY, et al.,

                    Defendants.

C.A. No. 2013 CA 007004 B

Judge Laura A. Cordero
Calendar 8

Initial Conference:  January 17, 2014
9:30 a.m.

### PRAECIPE

The Clerk will please file the enclosed Rule 7.1 Disclosure Statement of Defendant TWIN

CITY FIRE INSURANCE COMPANY in the captioned matter.

Dated:  November 7, 2013

/s/ Michelle J. Marzullo
Michelle J. Marzullo (D.C. Bar No. 998739)
Marks, O'Neill, O'Brien, Doherty & Kelley
P.C.
600 Baltimore Avenue, Suite 305
Towson, Maryland 21204
Tel: (410) 339-6880
Email: *mmarzullo@moodklaw.com*

*Local Counsel for Defendant Twin City Fire
Insurance Company*

Scott A. Schechter (*pro hac vice* application

{MD066985.1}

forthcoming)
Joshua A. DiLena (*pro hac vice* application
forthcoming)
Kaufman Borgeest & Ryan LLP
200 Summit Lake Drive
Valhalla, New York 10595
Tel: (914) 449-1000
Fax: (914) 449-1100
Email: *sschechter@kbrlaw.com*
           *jdilena@kbrlaw.com*

*Counsel for Defendant Twin City Fire
Insurance Company*

## Certificate of Service

I hereby certify that this Praecipe, with attachment, was filed through the Superior Court's CaseFile Express system, which will send notice to all counsel of record and constitutes service under the rules.

November 7, 2013

/s/ Michelle J. Marzullo
Michelle J. Marzullo (D.C. Bar No. 998739

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| GERYL PEARL, Individually, as Trustee of the Frank H. Pearl Irrevocable Insuracne Trust, and as Personal Representative of the Estate of Rank H. Pearl, et al., | C.A. No. 2013 CA 007004 B |
| Plaintiffs, | Judge Laura A. Cordero Calendar 8 |
| v. | Initial Conference:  January 17, 2014 9:30 a.m. |
| HOUSTON CASUALTY COMPANY, et al., | |
| Defendants. | |

**TWIN CITY FIRE INSURANCE COMPANY'S**
**RULE 7.1 DISCLOSURE STATEMENT**

Pursuant to Superior Court Rule 7.1(a), and to enable judges and magistrate judges to evaluate possible disqualification or recusal, the undersigned counsel for Defendant TWIN CITY FIRE INSURANCE COMPANY ("Twin City") certifies as follows:

Twin City is an Indiana corporation which is a wholly-owned subsidiary of Hartford Fire Insurance Company.  Hartford Fire Insurance Company is a Connecticut corporation which is a wholly-owned subsidiary of the Hartford Financial Services Group, Inc.  Hartford Financial Services Group, Inc. is a Delaware corporation which is a publicly traded corporation whose stock is listed and principally trade on the New York Stock Exchange under the trading symbol "HIG," and no publicly held company owns 10% or more of Hartford Financial Services Group, Inc.'s common stock.

Dated:  November 7, 2013

/s/ Michelle J. Marzullo
Michelle J. Marzullo (D.C. Bar No. 998739)
Marks, O'Neill, O'Brien, Doherty & Kelley
P.C.
600 Baltimore Avenue, Suite 305
Towson, Maryland 21204
Tel: (410) 339-6880
Email: *mmarzullo@moodklaw.com*

**Local Counsel for Defendant Twin City Fire Insurance Company**

Scott A. Schechter (*pro hac vice* application forthcoming)
Joshua A. DiLena (*pro hac vice* application forthcoming)
Kaufman Borgeest & Ryan LLP
200 Summit Lake Drive
Valhalla, New York 10595
Tel: (914) 449-1000
Fax: (914) 449-1100
Email: *sschechter@kbrlaw.com*
        *jdilena@kbrlaw.com*

*Counsel for Defendant Twin City Fire Insurance Company*

## Certificate of Service

I hereby certify that foregoing Disclosure Statement was filed through the Superior Court's CaseFile Express system, which will send notice to all counsel of record and constitutes service under the rules.

November 7, 2013

/s/ Michelle J. Marzullo
Michelle J. Marzullo (D.C. Bar No. 998739)